1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANTHONY J. SMITH, | ) Case No. 1:21-cv-01329-JLT-SAB (PC) |
| Plaintiff, | ) |
| v. | ) FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF THE ACTION |
| K. SANTORO, et al., | ) |
| Defendants. | ) (ECF No. 20) |
| | ) |

Plaintiff Anthony J. Smith is proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983.  This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.  Plaintiff filed the instant action on November 8, 2021.

**I.**

**RELEVANT BACKGROUND**

On March 29, 2022, the Court screened Plaintiff's complaint, found no cognizable claims, granted Plaintiff thirty days to file an amended complaint.  (ECF No. 19.)  Plaintiff failed to respond to the Court's order and an order to show cause why the action should not be dismissed was issued on May 9, 2022.  (ECF No. 20.)  Plaintiff has failed to respond to the order to show cause and the time to do has passed.  Accordingly, dismissal if warranted.

## II.

## SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see also 28 U.S.C. § 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding *pro se* in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## III.

## SUMMARY OF ALLEGATIONS

From December 23, 2020 through February 15, 2021, prison officials at North Kern State Prison (NKSP) violated Plaintiff's constitutional rights by exposing him to inmates who tested positive for COVID-19.

2

On December 23, 2020, Defendant Warden K. Santoro, Chief Medical Officer N. Odelugu and Does 1 through 20, placed NKSP on lockdown status due to COVID-19 outbreak.

On December 31, 2020, Defendants removed all inmates from building one who tested positive for COVID-19.  Plaintiff and the other inmates who remained in the housing unit were placed in quarantine and tested on a weekly basis.  However, Defendants did not have a proper plan to prevent the unnecessary exposure and spread of the COVID-19 virus.  Defendants were promoting conditions that could endanger Plaintiff and staff by failing to properly clean the units after the removal of an alleged positive test.

Defendants Doe 1 through 10, as supervisory staff, did not take the COVID-19 matter seriously due to their lack of training in the health and safety at NKSP.  From December 2020 to February 2021, Defendants recklessly housed infected inmates with noninfected inmates and failed to properly decontaminate the housing units.

On January 21, 2021, after being in quarantine for twenty-one days and testing negative, inmates were forced to move to building three where there was an outbreak of COVID-19.

On February 11, 2021, after being in quarantine for another twenty-one days Plaintiff was again forced to move to building four and placed in quarantine.

On February 15, 2021, Plaintiff was taken off quarantine and moved back to building three.  Plaintiff was forced to clean each of the dirty cells which were full of germs and possibly COVID-19 contaminates.

Defendants Santoro, Odelugu, and Does 1 through 20, failed to order their staff to ensure that each cell was cleaned after inmates were rehoused to minimize cross contamination possibilities.

Plaintiff was in quarantine for a total of 46 days and never tested positive for COVID-19 or showed any signs of the virus.  Other inmates who were sick or tested positive were off quarantine after 21 days and allowed yard, dayroom, telephone calls, job privileges and access to daily shower.  Plaintiff was not allowed any privileges, except for a shower every three days and he was removed from his job assignment.  Plaintiff has suffered psychological distress and emotional injuries.

///

///

3

**IV.**

**DISCUSSION**

**A.      Conditions of Confinement-Exposure to COVID-19**

"[A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference....The Eighth Amendment does not outlaw cruel and unusual 'conditions;' it outlaws cruel and unusual 'punishments.' " <u>Farmer v. Brennan</u>, 511 U.S. 825, 837 (1994). Further, in situations where the challenged "conduct is harmful enough to satisfy the objective component of an Eighth Amendment claim, whether it can be characterized as 'wanton' depends upon the constraints facing the *official*." <u>Wilson v. Seiter</u>, 501 U.S. 294, 303 (1991) (citations omitted) (original emphasis).  Because "only the unnecessary and wanton infliction of pain implicates the Eighth Amendment," the evidence must show the defendant acted with a "sufficiently culpable state of mind." <u>Id.</u> at 297 (internal quotation marks, emphasis and citations omitted).

When a "plaintiff names wardens [or other supervisory personnel] as defendants, plaintiff must specifically allege the warden's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation." <u>Stephen v. Tilestone</u>, No. 2:20-cv-1841 KJN P, 2021 WL 289379 at *6, (E.D. Cal. Jan. 28, 2021). This is because "wardens [and other supervisory personnel[] re not liable based solely on their role in supervising prisons." <u>Id.</u>  Because vicarious liability does not apply to Section 1983 suits, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." <u>Iqbal</u>, 556 U.S. at 676. "A defendant may be held liable as a supervisor under § 1983 'if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.' " <u>Starr v. Baca</u>, 652 F.3d 1202, 1207 (9th Cir. 2011) (quoting <u>Hansen v. Black</u>, 885 F.2d 642, 646 (9th Cir. 1989)). "The requisite causal connection can be established ... by setting in motion a series of acts by others, ... or by knowingly refus[ing] to terminate a series of acts

by others, which [the supervisor] knew or reasonably should have known would cause others to inflict a constitutional injury," Id. at 1207–08 (alteration in original) (internal quotation marks and citation omitted). "Even if a supervisory official is not directly involved in the allegedly unconstitutional conduct, '[a] supervisor can be liable in his individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates; for his acquiescence in the constitutional deprivation; or for conduct that showed a reckless or callous indifference to the rights of others.' " Keates v. Koile, 883 F.3d 1228, 1243 (9th Cir. 2018) (alteration in original) (quoting Starr, 652 F.3d at 1208).

The Court acknowledges COVID-19 poses a substantial risk of serious harm. See Plata v. Newsom, 445 F. Supp. 3d 557, 559 (N.D. Cal. Apr. 17, 2020) ("[N]o one questions that [COVID-19] poses a substantial risk of serious harm" to prisoners.). However, in order to state a cognizable Eighth Amendment claim, Plaintiff must provide more than generalized allegations that they have not done enough to control the spread. See Booth v. Newsom, No. 2:20-cv-1562 AC P, 2020 WL 6741730, at *3 (E.D. Cal. Nov. 17, 2020); Blackwell v. Covello, No. 2:20-CV-1755 DB P, 2021 WL 915670, at *3 (E.D. Cal. Mar. 10, 2021) (failure to state a claim against warden for failure to adequately control the spread of COVID-19 in the prison.  That is, Plaintiff must provide more than generalized allegations that Defendants have not done enough to enforce six-feet social and living distancing, provide sufficient cleaning supplies, or enforce the mask requirement, in order to control the spread of COVID-19. See, e.g., Sanford v. Eaton, No. 1:20-cv-00792-BAM (PC), 2021 WL 1172911, at *6 (E.D. Cal. Mar. 29, 2021) (explaining that "in order to state a cognizable Eighth Amendment claim against the warden, associate wardens and the other defendants named, Plaintiff must provide more than generalized allegations that the warden, associate wardens and other defendants have not done enough regarding overcrowding to control the spread" of COVID-19); Blackwell, 2021 WL 915670, at *3 (concluding that "in order to state a cognizable Eighth Amendment claim against the warden plaintiff must provide more than generalized allegations that the warden has not done enough to control the spread" of COVID-19).  Plaintiff fails to allege facts showing how any individual was responsible for such failings, or allege a causal link between each Defendant and the claimed constitutional violation. See, e.g., Cedillos v. Youngblood, No. 1:21-cv-00138-DAD-BAM (PC), 2021

5

WL 2534534, at *3 (E.D. Cal. June 21, 2021) (concluding that prisoner failed to state Section 1983 claims due to allegations of "failings in social distancing and unclean cells and showers" during COVID-19 pandemic, where plaintiff failed to allege causal link between defendants and violations); Stephen v. Tilestone, 2021 WL 289379, at *6 (concluding that plaintiff failed to allege Eighth Amendment violation for prison transfer that purportedly put him at extreme risk of contracting COVID-19 because he did not allege facts showing how any particular defendant violated his rights).

Here, Plaintiff fails to allege how COVID-19 presents a high risk to him due to any specific individual risk factors to satisfy the objective prong of an Eighth Amendment violation. Furthermore, the subjective prong of an Eighth Amendment claim has not been pled adequately. Plaintiff's concerns over the risk of contracting COVID-19 are not insignificant, but this risk is not unique to prisoners. This is a global pandemic, effecting millions of individuals worldwide. However, Plaintiff makes only general allegations regarding the prison with respect to the managing of inmates during the pandemic. He makes no specific allegations describing any individually named Defendant's actions in this regard. There are no factual allegations in the complaint which plausibly suggest that either Defendant received, reviewed, and actually drew an inference Plaintiff faced a substantial risk to his safety. See e.g., May v. Williams, 10cv576-GMN-LRL, 2012 WL 1155390, at *3 (D. Nev. Apr. 4, 2012) ("Holding a prison official personally responsible for damages simply because he is familiar with a prisoner's circumstances through direct communications with the prisoner and through communications with his subordinates is such a broad theory of liability that it is inconsistent with the personal responsibility requirement for assessing damages against public officials in a 42 U.S.C. § 1983 suit."); Starr v. Baca, 652 F.3d at 1216 ("First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.")

///

///

6

In addition, Plaintiff fails to allege facts sufficient to show that each named Defendant was subjectively aware that *Plaintiff*, rather than the inmate population at large, was facing an objectively serious and excessive risk to his health and safety and that each Defendant failed to take reasonable steps to abate that risk.  Moreover, there are no factual allegations to support the reasonable inference that Defendants were culpable for inaction in supervision or control of their subordinates, acquiesced in Plaintiff's alleged constitutional deprivation, or showed a reckless or callous indifference to Plaintiff's rights.  See Keates, 883 F.3d at 1243.  Accordingly, Plaintiff has failed to state a cognizable claim for relief.

## V.

### FAILURE  TO OBEY COURT ORDER AND FAILURE TO PROSECUTE

Here, the Court screened Plaintiff's complaint, and on March 29, 2022, an order issued providing Plaintiff with the legal standards that applied to his claims, advising him of the deficiencies that needed to be corrected, and granting him leave to file an amended complaint within thirty days. (ECF No. 19.)  Plaintiff did not file an amended complaint or otherwise respond to the Court's March 29, 2022 order, despite being given an extension of time to do so.  Therefore, on May 9, 2022, the Court ordered Plaintiff to show cause within fourteen (14) days why the action should not be dismissed.  (ECF No. 20.)  Plaintiff failed to respond to the May 9, 2022 order.

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action.  Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000).

A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.  See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order to file an amended complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. United States Postal Serv., 833 F.2d

7

128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); <u>Henderson v. Duncan</u>, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

"In determining whether to dismiss an action for lack of prosecution, the district court is required to consider several factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.' " <u>Carey</u>, 856 F.2d at 1440 (quoting <u>Henderson</u>, 779 F.2d at 1423). These factors guide a court in deciding what to do, and are not conditions that must be met in order for a court to take action. <u>In re Phenylpropanolamine (PPA) Products Liability Litigation</u>, 460 F.3d 1217, 1226 (9th Cir. 2006) (citation omitted).

In this instance, the public's interest in expeditious resolution of the litigation and the Court's need to manage its docket weigh in favor of dismissal. <u>In re Phenylpropanolamine (PPA) Products Liability Litigation</u>, 460 F.3d at 1226. Plaintiff was ordered to file an amended complaint within thirty days of March 29, 2022 and has not done so. Accordingly, the operative pleading is the original complaint which has been found not to state a cognizable claim. Plaintiff's failure to comply with the order of the Court by filing an amended complaint hinders the Court's ability to move this action towards disposition. This action can proceed no further without Plaintiff's compliance with the order and his failure to comply indicates that Plaintiff does not intend to diligently litigate this action.

Since it appears that Plaintiff does not intend to litigate this action diligently there arises a rebuttable presumption of prejudice to the defendants in this action. <u>In re Eisen</u>, 31 F.3d 1447, 1452-53 (9th Cir. 1994). The risk of prejudice to the defendants also weighs in favor of dismissal.

The public policy in favor of deciding cases on their merits is greatly outweighed by the factors in favor of dismissal. It is Plaintiff's responsibility to move this action forward. In order for this action to proceed, Plaintiff is required to file an amended complaint curing the deficiencies in the operative pleading. Despite being ordered to do so, Plaintiff did not file an amended complaint or respond to the order to show cause and this action cannot simply remain idle on the Court's docket, unprosecuted. In this instance, the fourth factor does not outweigh Plaintiff's failure to comply with

the Court's orders.

Finally, a court's warning to a party that their failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement.  Ferdik, 963 F.2d at 1262; Malone, 833 F.2d at 132-33; Henderson, 779 F.2d at 1424.  The Court's May 9, 2022 order specifically advised Plaintiff that the failure to comply with the order would result in a recommendation to dismiss the action.  (ECF No. 20 at 1.)  Thus, Plaintiff had adequate warning that dismissal would result from his noncompliance with the Court's order.

## VI.

## ORDER AND RECOMMENDATION

The Court has screened Plaintiff's complaint and found that it fails to state a cognizable claim. Plaintiff has failed to comply with the Court's order to file an amended complaint or respond to the Court's order to show why the action should not be dismissed.  In considering the factors to determine if this action should be dismissed, the Court finds that this action should be dismissed for Plaintiff's failure to state a cognizable claim, failure to obey the Court's orders, and failure to prosecute this action.

Accordingly, IT IS HEREBY RECOMMENDED that this action be DISMISSED for Plaintiff's failure to state a claim, failure to comply with a court order, and failure to prosecute.

This Findings and Recommendation is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  Within fourteen **(14) days** of service of this Recommendation, Plaintiff may file written objections to this findings and recommendation with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  The district judge will review the magistrate judge's Findings and Recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **June 1, 2022**

_____
UNITED STATES MAGISTRATE JUDGE