UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY J. SMITH,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>K. SANTORO, et al.,<br><br>　　　　　　Defendants. | Case No. 1:21-cv-01329-JLT-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL, WITHOUT PREJUDICE AND SUA SPONTE GRANTING EXTENSION OF TIME TO FILE OBJECTIONS<br><br>(ECF No. 22) |

　　　　Plaintiff Anthony J. Smith is proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983.

　　　　Currently before the Court is Plaintiff's motion for appointment of counsel, filed June 14, 2022.

　　　　Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require any attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989).  However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved."  Id. (internal quotation marks and citations omitted).

In the present case, the Court does not find the required exceptional circumstances.  Plaintiff seeks counsel because he is not competent in the law and has limited access to the law library.  Even if it assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional.  The Court is faced with similar cases almost daily.  Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.  While the Court recognizes that Plaintiff is at a disadvantage due to his pro se status and his incarceration, the test is not whether Plaintiff would benefit from the appointment of counsel.  See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986) ("Most actions require development of further facts during litigation and a pro se litigant will seldom be in a position to investigate easily the facts necessary to support the case.")  The test is whether exception circumstances exist and here, they do not.  Thus far, Plaintiff has been able to draft a complaint and respond to the Court's orders, and at this stage of the proceedings the Court cannot make a finding that Plaintiff is likely to succeed on the merits.  Accordingly, Plaintiff's motion for the appointment of counsel is denied, without prejudice.  In the interest of justice, the Court will grant Plaintiff **fourteen (14)** days from the date of service of this order to file objections to the pending Findings and Recommendations, if so desired.

IT IS SO ORDERED.

Dated:   **June 15, 2022**

UNITED STATES MAGISTRATE JUDGE